## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES J. MURPHY, | ) CIVIL DIVISION |
| Plaintiff, | ) **310CV00864**BA |
| v. | ) No. *3:10CV864* BA |
| CITI, | ) |
| Defendants. | ) **310CV00864** |
| | ) |

### DEFENDANT'S NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441(b) and 1446, the defendant, Citibank (South Dakota), N.A. (incorrectly identified as "Citi") (hereinafter referred to as "Citibank"), through its undersigned counsel, gives notice of removal of the action captioned *James J. Murphy v. Citi*, Docket No. TTD-CV-10-6001787-S (the "Action"), to the United States District Court for the District of Connecticut from the Superior Court of the State of Connecticut, Judicial District of Tolland, at Rockville. In support of its Notice of Removal, Citibank states as follows:

1.     On or after May 11, 2010, Citibank received the *Summons* and *Complaint* in the Action.

2.     28 U.S.C. § 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Further, 28 U.S.C. § 1441(b) provides that "any civil action of which the district courts have original

HFD 211956.1

jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

3.      The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331, and it is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), because Plaintiff alleges, *inter alia*, violations of the federal *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692 *et seq.* (the "*FDCPA*").      Thus, the plaintiff's claim is created by and arises under federal law.  To the extent any other claims in the Action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. §§ 1367 and 1441(c).

4.      This Court is the proper venue for removal because the Judicial District of Tolland, Connecticut, in which the Action was heretofore pending, is located within the District of Connecticut.  This *Notice of Removal* is filed in the District Court of the United States for the district in which this suit was filed.

5.      No defendant was served more than 30 days prior to the filing of this *Notice of Removal*.   Accordingly, this *Notice of Removal* is filed within the timeframe provided by 28 U.S.C. § 1446(b).

6.      Pursuant to the requirements of 28 U.S.C. § 1446(d), Citibank will promptly file a copy of this *Notice of Removal* with the Clerk of the Superior Court in the Judicial District of Tolland, Connecticut at Rockville, where the action was originally filed.  Citibank has also served the plaintiff with this *Notice of Removal*.

7.      By virtue of this *Notice of Removal* of the Action and any notices filed in the Action, Citibank does not waive its rights to assert any personal jurisdictional defense or to file

other motions permitted by the *Federal Rules of Civil Procedure*, including but not limited to motions under *Fed. R. C. P.* 12 and motions to compel arbitration.

      8.    True and correct copies of all pleadings, process, and orders served upon defendant in the Action are attached in composite **Exhibit A.**

      WHEREFORE, Citibank hereby removes to this Court the action captioned *James J. Murphy v. Citi*, Docket No. TTD-CV-10-6001787-S, from the Superior Court, Judicial District of Tolland, Connecticut, at Rockville.

      Dated at Hartford, Connecticut, this 3rd day of June, 2010.

DEFENDANT,
CITIBANK (SOUTH DAKOTA), N.A.

BY_____

    William E. Murray (ct19717)
    Edwards Angell Palmer & Dodge LLP
    20 Church Street, 20th Floor
    Hartford, CT 06103
    Phone: (860) 525-5065
    Fax: (860) 527-4198
    Email: wmurray@eapdlaw.com

    Its Attorneys

## **CERTIFICATION**

This shall certify that a copy of the foregoing was served, via U.S. mail, postage prepaid,

on this 3rd day of June, 2010, to the following:

Angela K. Troccoli
Kimmel & Silverman, P.C.
60 Hartford Pike, P.O. Box 325
Dayville, CT 06241

**Counsel for the plaintiff, James J. Murphy**

William E. Murray, Esq.

**EXHIBIT A**

**SUMMONS - CIVIL**
JD-CV-1 Rev. 10-09
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

**See page 2 for instructions**

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☒ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| 69 Brooklyn Street, Rockville, CT 06066 | ( 860 ) 896-4920 | June | 1 | , 2010 |
| | | Month | Day | Year |

| ☒ Judicial District | G.A. | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☐ Housing Session | ☐ Number: | Tolland | Major: **C90** | Minor: **othr** |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Angela K. Troccoli, Esquire, 60 Hartford Pike, PO Box 325, Dayville, CT 06241 | 429578 |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( 860 ) 866-4380 | |

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|---|
| **First Plaintiff** | Name: Address: | Murphy, James J. 53 Laurel Lane, Columbia, CT 06237 | P-01 |
| **Additional Plaintiff** | Name: Address: | | P-02 |
| **First Defendant** | Name: Address: | Citi PO Box 6286, Sioux Falls, South Dakota, 57117 | D-50 |
| **Additional Defendant** | Name: Address: | | D-51 |
| **Additional Defendant** | Name: Address: | | D-52 |
| **Additional Defendant** | Name: Address: | | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left Angela K. Troccoli, Esquire | Date signed 5/6/2010 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | File Date |
| b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

| Name and address of person recognized to prosecute in the amount of $250 | | |
|---|---|---|

| Signed *(Official taking recognizance; "X" proper box)* | ☐ Commissioner of the Superior Court ☐ Assistant Clerk | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for the following actions:

(a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).
(b) Summary process actions.
(c) Applications for change of name.
(d) Probate appeals.
(e) Administrative appeals.
(f) Proceedings pertaining to arbitration.
(g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.

## Case Type Codes

| Major Description | Codes Major/ Minor | Minor Description | Major Description | Codes Major/ Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 10 | Construction - State and Local | | T 03 | Defective Premises - Private - Other |
| | C 20 | Insurance Policy | | T 11 | Defective Premises - Public - Snow or Ice |
| | C 30 | Specific Performance | | T 12 | Defective Premises - Public - Other |
| | C 40 | Collections | | T 20 | Products Liability - Other than Vehicular |
| | C 90 | All other | | T 28 | Malpractice - Medical |
| Eminent Domain | E 00 | State Highway Condemnation | | T 29 | Malpractice - Legal |
| | E 10 | Redevelopment Condemnation | | T 30 | Malpractice - All other |
| | E 20 | Other State or Municipal Agencies | | T 40 | Assault and Battery |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 50 | Defamation |
| | E 90 | All other | | T 61 | Animals - Dog |
| Miscellaneous | M 00 | Injunction | | T 69 | Animals - Other |
| | M 10 | Receivership | | T 70 | False Arrest |
| | M 20 | Mandamus | | T 71 | Fire Damage |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | T 90 | All other |
| | M 40 | Arbitration | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 50 | Declaratory Judgment | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 63 | Bar Discipline | | V 05 | Motor Vehicles* - Property Damage only |
| | M 66 | Bar Discipline - Reinstatement | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 68 | Bar Discipline - Inactive Status | | V 09 | Motor Vehicle* - All other |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | V 10 | Boats |
| | M 82 | Housing Civil Matters | | V 20 | Airplanes |
| | M 83 | Small Claims Transfer to Regular Docket | | V 30 | Railroads |
| | M 84 | Foreign Protective Order | | V 40 | Snowmobiles |
| | M 90 | All other | | V 90 | All other |
| Property | P 00 | Foreclosure | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | P 10 | Partition | | | |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | P 30 | Asset Forfeiture | | W 90 | All other |
| | P 90 | All other | | | |

STATE OF CONNECTICUT

TOLLAND JUDICIAL DISTRICT

SUPERIOR COURT
C.A. No.:

JAMES J. MURPHY,      )
    Plaintiff,      )
               )
v      )
               )
CITI      )
    Defendant.      )
               )

## **COMPLAINT**

NOW COMES the Plaintiff, JAMES J. MURPHY, by and through his attorney, ANGELA K. TROCCOLI, ESQUIRE, for his complaint against the Defendant, CITI.   Plaintiff states as follows:

### I.   Jurisdiction & Venue

1.      This is an action for damages brought by an individual consumer for Defendant's violations of Title 36a of The Banking Law of Connecticut, Chapter 669, §36a-645 *et seq.* (hereinafter "The Act"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.      Defendant conducts business within the State of Connecticut and therefore, personal jurisdiction is established.

1

## II.   PARTIES

3.   JAMES J. MURPHY, (hereinafter, "Plaintiff") is an individual who was at all relevant times a resident of Columbia; Connecticut.

4.   At all relevant times, Plaintiff is a "consumer/debtor" as that term is defined by Chapter 800, §36a-800(2) and 15 U.S.C. §1692a(3).

5.   CITI, (hereinafter, "Defendant") is a business entity engaged in the collection of debts with a business address located at PO BOX 6286, Sioux Falls, South Dakota 57117.

6.   At all relevant times, Defendant acted as a "debt collector/creditor" as that term is defined by Chapter 669, §36a-645(2) and 15 U.S.C. §1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Defendant.

## III.   PRELIMINARY STATEMENT

7.   Chapter 669, §36a-645 *et seq.* is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by creditors and imposes civil liability on a creditor who violates its provisions.

8.   The Act provides that no creditor shall use any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt. (§ 36a-646).

9.   The Act provides further:

> *Sec. 36a-648. Abusive, harassing, fraudulent, deceptive or misleading debt collection practices. Liability. Exemptions. Limitations on actions.*
> *(a) A creditor, as defined in section 36a-645, who uses any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect a debt in violation of section 36a-646 or the regulations adopted pursuant to section 36a-647 shall be liable to a person who is harmed by such conduct in an amount equal to the sum of: (1) Any actual damages sustained by such person, (2) if such person is an individual. such*

2

*additional damages as the court may award, not to exceed one thousand dollars, and (3) in the case of any successful action to enforce liability under the provisions of this subsection, the costs of the action and, in the discretion of the court, a reasonable attorney's fee.*

*(b) In determining the amount of liability in an action brought pursuant to subsection (a) of this section, the trier of fact shall consider, among other relevant factors, the frequency and persistence of noncompliance by the creditor, the nature of such noncompliance and the extent to which such noncompliance was intentional.*

*(c) A creditor may not be held liable in an action brought under this section if the creditor shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adopted by the creditor to avoid any such error.*

*(d) An action to enforce liability under this section may be brought in any court of competent jurisdiction not later than one year after the date on which the violation occurs.*

10. In enacting the statute, the Connecticut Legislature extended the sentiment about creditors that the United States Congress stated as to debt collectors when it found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

IV. ALLEGATIONS

11. At all pertinent times hereto, Defendant was hired to collect a debt allegedly owed to a third party.

12. The alleged debt at issue arose out of transactions that were primarily for personal, family or household, purposes.

13. Beginning on or around August 1, 2009, Defendant, its employees, and servants engaged in debt collection activities seeking payment from Plaintiff for a debt allegedly owed to Sears MasterCard.

3

14.     Defendant mailed a letter to Plaintiff confirming payment sought through electronic means in the amount of $100.00.

15.     Plaintiff made four consecutive payments in the amount of $100.00 for the months of August 2009, September 2009, October 2009, and December 2009 totaling $400.00, in accordance with the agreement with Defendant. (*See Plaintiff's Exhibit A*).

16.     On or about December 9, 2009, Defendant mailed a letter to Plaintiff confirming their agreement for electronic payment. (*See Plaintiff's Exhibit B*).

17.     Plaintiff was making monthly payments to Defendant, in accordance with the agreement reached, but later learned that Defendant had sold the debt to a debt buyer in August 2009. Defendant had continued to accept payments from Plaintiff after the account had been sold and failed to either ensure proper crediting of the account and/or communicate with Plaintiff to pay the new owner of the debt.

18.     Defendant failed to reimburse Plaintiff for overpayments.

19.     Defendant used unfair or unconscionable means to collect or attempt to collect the debt.

20.     Defendant used false, deceptive, or misleading representation or means in connection with the collection of an alleged debt, by securing Plaintiff's payments towards the account.

## V.     CONSTRUCTION OF APPLICABLE LAW

21.     The Act is a strict liability statute, akin to the FDCPA. 15 U.S.C. §1692 et seq. As with the FDPCA, a consumer need not show intentional conduct by the debt collector to be entitled to damages. *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also Gearing v. Check*

4

*Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); *Clomon v. Jackson*, 988 F. 2d 1314 (2d Cir. 1993).

22.     The Act is a remedial statute, and therefore must be construed liberally in favor of the debtor as cases have held the FDCPA is to be so construed. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

23.     Being analogous to the FDCPA, but applying to creditors, the Act should be interpreted in accordance with the "least sophisticated" consumer standard as with the FDCPA. FDCPA case holding such a standard:  *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F. 2d 107 (3d Cir. 1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Id.* The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. *Clomon*, 988 F. 2d 1318.

5

PLAINTIFF'S COMPLAINT

## COUNT I
*(Violation of Title 36a of The Banking Law of Connecticut, Chapter 669, §36a-645 et seq.)*

24.     In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the Act in one or more of the following ways:

    a.  Defendant violated the Act §36a-646, when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    b.  Defendant violated the Act §36a-646, when it used false, misleading and deceptive means in connection with the collection of an alleged debt;

    c.  Defendant violated the Act §36a-646, when it falsely represented the character, amount or legal status of the alleged debt;

    d.  Defendant violated the Act §36a-646, through its agents and employees, by using unfair and deceptive means to collect a debt; and

    e.  Was otherwise deceptive and failed to comply with the provisions of the Act.

## COUNT II
*(Violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.)*

25.     At the time Defendant accepted payments after the debt had been sold to another, Defendant became a de facto debt collector.

26.     In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA in one or more of the following ways:

    a.  Defendant violated the FDCPA §1692d, when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    b.  Defendant violated the FDCPA §1692e, when it used false, misleading and deceptive means in connection with the collection of an alleged debt;

    c.  Defendant violated the FDCPA §1692e(2), when it falsely represented the character, amount or legal status of the alleged debt;

    d.  Defendant violated the FDCPA §1692e(10), when on its own or through its agents and assigns, used false representation or deceptive means to collect the

PLAINTIFF'S COMPLAINT

debt;

e. Defendant violated the FDCPA §1692e(11), when it failed to disclose that debt collector is attempting to collect a debt and that any information obtained will be used for that purpose;

f. Defendant violated the FDCPA §1692f, through its agents and employees, by using unfair and deceptive means to collect a debt;

g. Defendant violated the FDCPA §1692f(1), for adding fees, charges and expenses not expressly authorized by an agreement with Plaintiff;

h. Defendant violated the FDCPA §1692g and §1692g(a), when it failed to validate the debt within 5 days after the initial communication send the Plaintiff written notice containing the amount of debt, name of creditor, etc.; and

i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.


## VI.    JURY DEMAND

27.    Plaintiff hereby demands a trial by jury on all issues so triable.


## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JAMES J. MURPHY, by and through his attorney, respectfully pray for judgment as follows:


    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00 for each violation;

    c.    Plaintiff's attorneys' fees and costs; and

    d.    Any other relief deemed appropriate by this Honorable Court.

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Respectfully submitted,

The Plaintiff,
JAMES J. MURPHY,
By his attorney,

/s/ Angela K. Troccoli
Angela K. Troccoli, Esquire, #429578
Kimmel & Silverman, P.C.
*The New England Office*
60 Hartford Pike, P.O. Box 325
Dayville, CT 06241
(860) 866-4380

Dated: May 6, 2010

8

PLAINTIFF'S COMPLAINT

**PLAINTIFF'S EXHIBIT A**

**View Check**

Front of Check



Back of Check



**View Check**

Front of Check

Back of Check

**View Check**

Front of Check

0001

Date 08/20/2009

OSCAR D KONFRY
53 LAUREL DR
COLUMBIA, CT 06237

Savings Institute Bank and Trust Co    ...
803 MAIN ST
WILLIMANTIC, CT 06226#2836

ved.

**CBIA Redeposit**

Pay to the
Order of   **SEARS**

$100.00

** One Hundred and NO/100 ***************************** DOLLARS

Memo      5121071763658261          Authorized by   our Depositor 08/20/2009

⑆211174181⑈986000303⑈998⑈0001   ⑆00000l0000⑈

Back of Check

## View Check

**Front of Check**

0002

Date 09/18/2009

JASON S KONTNY
53 LAUREL LN
COLUMBIA, CT 06237

Savings Institute Bank and Trust Company
803 MAIN ST
WILLIMANTIC, CT 06226-2534

ved.

Pay to the
Order of   **SEARS**                                    $100.00

** One Hundred and NO/100 *****************************·**** DOLLARS

Memo      5121071763658261        Authorized By Your Depositor 09/18/2009

⑈2111741811⑈98600030399981000 2    11000001000011

**Back of Check**

**View Check**

**Front of Check**

0003

JOHN A MURPHY
13 LAUREL LN
COLUMBIA, CT 06237

Savings Institute Bank and Trust Company
843 MAIN ST
WILLIMANTIC, CT 062263514

Date 10/20/2009

ved.

Pay to the
Order of  **SEARS**

$100.00

** One Hundred And NO/100 *************************** DOLLARS

Memo      5121071763658261          Authorized By Your Depositor 10/20/2009

⑆211174181⑈986000303↗↗↗98⑈0003   ⑆0000010000⑈

**Back of Check**

**PLAINTIFF'S EXHIBIT B**

CITI
PO BOX 6286
SIOUX FALLS, SD    57117



December 9th, 2009

lllllllllllllllllllllllllllllllllllllllllll
JAMES J MURPHY
53 LAUREL LN
COLUMBIA CT    06237-1013

Sears MasterCard
ACCOUNT NUMBER
ENDING IN:
8261

Dear JAMES J MURPHY:

The checkdraft you have verbally authorized will be presented for payment on the date designated below:

Transaction Date: 12/18/2009
Transaction Number: 09352012317
Transaction Amount: $100.00

Please make sure you have sufficient funds in your account on that date to cover the payment.

If you have any questions about this transaction, please call us at the toll-free number shown below.

Sincerely,

G. STEVENS
VICE PRESIDENT CITICORP CREDIT SERVICES, INC. (USA)
FEDERAL REGULATIONS REQUIRE THE STATEMENT PRINTED ON THE REVERSE SIDE

Visit us at: www.searscard.com

Toll Free Telephone Number: 1-800-733-1116
TDD Number: 1-800-926-5818

Any representative can assist you.
Office Hours (Central Time):

Monday - Friday          8:00 a.m. to 8:00 p.m.
Saturday - Sunday        8:00 a.m. to 4:00 p.m.

Send Correspondence to:
Card Service Center
P. O. Box 6275,
Sioux Falls, SD 57117

**SUMMONS - CIVIL**
JD-CV-1 Rev. 10-09
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

**See page 2 for instructions**

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.

☒ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| 69 Brookyln Street, Rockville, CT 06066 | ( 860 ) 896-4920 | **June** Month | **1** Day | **, 2010** Year |

| ☒ Judicial District | ☐ G.A. | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| ☐ Housing Session | Number: | Tolland | Major: **C90** | Minor: **othr** |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Angela K. Troccoli, Esquire, 60 Hartford Pike, PO Box 325, Dayville, CT 06241 | 429578 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 866-4380 | |

| Number of Plaintiffs:  1 | Number of Defendants:  1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| **First Plaintiff** | Name: **Murphy, James J.** <br> Address: **53 Laurel Lane, Columbia, CT 06237** | P-01 |
| **Additional Plaintiff** | Name: <br> Address: | P-02 |
| **First Defendant** | Name: **Citi** <br> Address: **PO Box 6286, Sioux Falls, South Dakota, 57117** | D-50 |
| **Additional Defendant** | Name: <br> Address: | D-51 |
| **Additional Defendant** | Name: <br> Address: | D-52 |
| **Additional Defendant** | Name: <br> Address: | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court | Name of Person Signing at Left | Date signed |
|---|---|---|---|
| *[signature]* | ☐ Assistant Clerk | Angela K. Troccoli, Esquire | 5/6/2010 |

| If this Summons is signed by a Clerk: | **For Court Use Only** |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. <br> b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. <br> c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. <br> d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date | |
|---|---|---|---|
| | Name and address of person recognized to prosecute in the amount of $250 | | |

| Signed *(Official taking recognizance, "X" proper box)* | ☐ Commissioner of the Superior Court | Date | Docket Number |
|---|---|---|---|
| | ☐ Assistant Clerk | | |

(Page 1 of 2)

## Instructions

*1. Type or print legibly; sign summons.*

*2. Prepare or photocopy a summons for each defendant.*

*3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.*

*4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.*

*5. The party recognized to pay costs must appear personally before the authority taking the recognizance.*

*6. Do not use this form for the following actions:*

*(a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).*

*(b) Summary process actions.*

*(c) Applications for change of name.*

*(d) Probate appeals.*

*(e) Administrative appeals.*

*(f) Proceedings pertaining to arbitration.*

*(g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.*

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description | Major Description | Codes Major/Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 10 | Construction - State and Local | | T 03 | Defective Premises - Private - Other |
| | C 20 | Insurance Policy | | T 11 | Defective Premises - Public - Snow or Ice |
| | C 30 | Specific Performance | | T 12 | Defective Premises - Public - Other |
| | C 40 | Collections | | T 20 | Products Liability - Other than Vehicular |
| | C 90 | All other | | T 28 | Malpractice - Medical |
| Eminent Domain | E 00 | State Highway Condemnation | | T 29 | Malpractice - Legal |
| | E 10 | Redevelopment Condemnation | | T 30 | Malpractice - All other |
| | E 20 | Other State or Municipal Agencies | | T 40 | Assault and Battery |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 50 | Defamation |
| | E 90 | All other | | T 61 | Animals - Dog |
| | | | | T 69 | Animals - Other |
| Miscellaneous | M 00 | Injunction | | T 70 | False Arrest |
| | M 10 | Receivership | | T 71 | Fire Damage |
| | M 20 | Mandamus | | T 90 | All other |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 40 | Arbitration | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 50 | Declaratory Judgment | | V 05 | Motor Vehicles* - Property Damage only |
| | M 63 | Bar Discipline | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 66 | Bar Discipline - Reinstatement | | V 09 | Motor Vehicle* - All other |
| | M 68 | Bar Discipline - Inactive Status | | V 10 | Boats |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | V 20 | Airplanes |
| | M 82 | Housing Civil Matters | | V 30 | Railroads |
| | M 83 | Small Claims Transfer to Regular Docket | | V 40 | Snowmobiles |
| | M 84 | Foreign Protective Order | | V 90 | All other |
| | M 90 | All other | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Property | P 00 | Foreclosure | | | |
| | P 10 | Partition | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien | | W 90 | All other |
| | P 30 | Asset Forfeiture | | | |
| | P 90 | All other | | | |

STATE OF CONNECTICUT

TOLLAND JUDICIAL DISTRICT

SUPERIOR COURT
C.A. No.:

JAMES J. MURPHY,
    Plaintiff,

v

CITI
    Defendant.

)
)
)
)
)
)
)
)
)
)

COPY

## COMPLAINT

NOW COMES the Plaintiff, JAMES J. MURPHY, by and through his attorney, ANGELA K. TROCCOLI, ESQUIRE, for his complaint against the Defendant, CITI.   Plaintiff states as follows:

### I.    JURISDICTION & VENUE

1.    This is an action for damages brought by an individual consumer for Defendant's violations of Title 36a of The Banking Law of Connecticut, Chapter 669, §36a-645 *et seq.* (hereinafter "The Act"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.    Defendant conducts business within the State of Connecticut and therefore, personal jurisdiction is established.

1

## II.   PARTIES

3.    JAMES J. MURPHY, (hereinafter, "Plaintiff") is an individual who was at all relevant times a resident of Columbia, Connecticut.

4.    At all relevant times, Plaintiff is a "consumer/debtor" as that term is defined by Chapter 800, §36a-800(2) and 15 U.S.C. §1692a(3).

5.    CITI, (hereinafter, "Defendant") is a business entity engaged in the collection of debts with a business address located at PO BOX 6286, Sioux Falls, South Dakota 57117.

6.    At all relevant times, Defendant acted as a "debt collector/creditor" as that term is defined by Chapter 669, §36a-645(2) and 15 U.S.C. §1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Defendant.

## III.   PRELIMINARY STATEMENT

7.    Chapter 669, §36a-645 *et seq.* is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by creditors and imposes civil liability on a creditor who violates its provisions.

8.    The Act provides that no creditor shall use any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt. (§ 36a-646).

9.    The Act provides further:

*Sec. 36a-648. Abusive, harassing, fraudulent, deceptive or misleading debt collection practices. Liability. Exemptions. Limitations on actions.*
*(a) A creditor, as defined in section 36a-645, who uses any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect a debt in violation of section 36a-646 or the regulations adopted pursuant to section 36a-647 shall be liable to a person who is harmed by such conduct in an amount equal to the sum of: (1) Any actual damages sustained by such person, (2) if such person is an individual, such*

2

*additional damages as the court may award, not to exceed one thousand dollars, and (3) in the case of any successful action to enforce liability under the provisions of this subsection, the costs of the action and, in the discretion of the court, a reasonable attorney's fee.*

*(b) In determining the amount of liability in an action brought pursuant to subsection (a) of this section, the trier of fact shall consider, among other relevant factors, the frequency and persistence of noncompliance by the creditor, the nature of such noncompliance and the extent to which such noncompliance was intentional.*

*(c) A creditor may not be held liable in an action brought under this section if the creditor shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adopted by the creditor to avoid any such error.*

*(d) An action to enforce liability under this section may be brought in any court of competent jurisdiction not later than one year after the date on which the violation occurs.*

10.     In enacting the statute, the Connecticut Legislature extended the sentiment about creditors that the United States Congress stated as to debt collectors when it found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).


IV.     <u>ALLEGATIONS</u>

11.     At all pertinent times hereto, Defendant was hired to collect a debt allegedly owed to a third party.

12.     The alleged debt at issue arose out of transactions that were primarily for personal, family or household, purposes.

13.     Beginning on or around August 1, 2009, Defendant, its employees, and servants engaged in debt collection activities seeking payment from Plaintiff for a debt allegedly owed to Sears MasterCard.

14.     Defendant mailed a letter to Plaintiff confirming payment sought through electronic means in the amount of $100.00.

15.     Plaintiff made four consecutive payments in the amount of $100.00 for the months of August 2009, September 2009, October 2009, and December 2009 totaling $400.00, in accordance with the agreement with Defendant. (*See Plaintiff's Exhibit A*).

16.     On or about December 9, 2009, Defendant mailed a letter to Plaintiff confirming their agreement for electronic payment. (*See Plaintiff's Exhibit B*).

17.     Plaintiff was making monthly payments to Defendant, in accordance with the agreement reached, but later learned that Defendant had sold the debt to a debt buyer in August 2009.  Defendant had continued to accept payments from Plaintiff after the account had been sold and failed to either ensure proper crediting of the account and/or communicate with Plaintiff to pay the new owner of the debt.

18.     Defendant failed to reimburse Plaintiff for overpayments.

19.     Defendant used unfair or unconscionable means to collect or attempt to collect the debt.

20.     Defendant used false, deceptive, or misleading representation or means in connection with the collection of an alleged debt, by securing Plaintiff's payments towards the account.

## V.     CONSTRUCTION OF APPLICABLE LAW

21.     The Act is a strict liability statute, akin to the FDCPA. 15 U.S.C. §1692 et seq. As with the FDPCA, a consumer need not show intentional conduct by the debt collector to be entitled to damages. *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also Gearing v. Check*

4

PLAINTIFF'S COMPLAINT

*Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); *Clomon v. Jackson*, 988 F. 2d 1314 (2d Cir. 1993).

22.     The Act is a remedial statute, and therefore must be construed liberally in favor of the debtor as cases have held the FDCPA is to be so construed. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

23.     Being analogous to the FDCPA, but applying to creditors, the Act should be interpreted in accordance with the "least sophisticated" consumer standard as with the FDCPA. FDCPA case holding such a standard: *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F. 2d 107 (3d Cir. 1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Id.* The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. *Clomon*, 988 F. 2d 1318.

5

## COUNT I
*(Violation of Title 36a of The Banking Law of Connecticut, Chapter 669, §36a-645 et seq.)*

24.     In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the Act in one or more of the following ways:

      a.   Defendant violated the Act §36a-646, when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

      b.   Defendant violated the Act §36a-646, when it used false, misleading and deceptive means in connection with the collection of an alleged debt;

      c.   Defendant violated the Act §36a-646, when it falsely represented the character, amount or legal status of the alleged debt;

      d.   Defendant violated the Act §36a-646, through its agents and employees, by using unfair and deceptive means to collect a debt; and

      e.   Was otherwise deceptive and failed to comply with the provisions of the Act.

## COUNT II
*(Violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.)*

25.     At the time Defendant accepted payments after the debt had been sold to another, Defendant became a de facto debt collector.

26.     In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA in one or more of the following ways:

      a.   Defendant violated the FDCPA §1692d, when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

      b.   Defendant violated the FDCPA §1692e, when it used false, misleading and deceptive means in connection with the collection of an alleged debt;

      c.   Defendant violated the FDCPA §1692e(2), when it falsely represented the character, amount or legal status of the alleged debt;

      d.   Defendant violated the FDCPA §1692e(10), when on its own or through its agents and assigns, used false representation or deceptive means to collect the

6

debt;

e. Defendant violated the FDCPA §1692e(11), when it failed to disclose that debt collector is attempting to collect a debt and that any information obtained will be used for that purpose;

f. Defendant violated the FDCPA §1692f, through its agents and employees, by using unfair and deceptive means to collect a debt;

g. Defendant violated the FDCPA §1692f(1), for adding fees, charges and expenses not expressly authorized by an agreement with Plaintiff;

h. Defendant violated the FDCPA §1692g and §1692g(a), when it failed to validate the debt within 5 days after the initial communication send the Plaintiff written notice containing the amount of debt, name of creditor, etc.; and

i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

## VI.   JURY DEMAND

27.   Plaintiff hereby demands a trial by jury on all issues so triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JAMES J. MURPHY, by and through his attorney, respectfully pray for judgment as follows:

a.   All actual compensatory damages suffered;

b.   Statutory damages of $1,000.00 for each violation;

c.   Plaintiff's attorneys' fees and costs; and

d.   Any other relief deemed appropriate by this Honorable Court.

7

Respectfully submitted,


The Plaintiff,
JAMES J. MURPHY,
By his attorney,


  /s/ Angela K. Troccoli
Angela K. Troccoli, Esquire, #429578
Kimmel & Silverman, P.C.
*The New England Office*
60 Hartford Pike, P.O. Box 325
Dayville, CT 06241
(860) 866-4380

Dated: May 6, 2010

8

PLAINTIFF'S COMPLAINT

# PLAINTIFF'S EXHIBIT A

**View Check**

Front of Check



```
JAMES J MURPHY                    SAVINGS INSTITUTE                           000005
63 LAUREL LN                      803 MAIN ST
COLUMBIA, CT 06237                WILLIMANTIC, CT 06226
                                                                  Date 12/18/09
                                                                                        ved.
Pay to the
Order of   SEARS                                                   $ 100.00

**One Hundred Dollars and 00/100****************************************

                                                  CBIA993529015250508
Memo 51210717636S8261                             Authorized by your Depositor 12/18/09

  ⑈211174 18 1⑈  9860003039998⑈  000005   ⑈00000 10000⑈
```

Back of Check

```
                        For Deposit Only
              05 01 D0 901525 121809  PEG CITIBANK USA NA
             2107 1763658261  254  8007   DES MOINESIA
             121809  ,901525   QUEF >271970312<
```

**View Check**

Front of Check



Back of Check

For Deposit Only
15 01 00 938033 01052010    Pay Any Bank
21071763658261  021 7    PEG CITIBANK OH
010210 036530 Q4      >271970312<

Deposited to the
account of the within
named payee

## View Check

### Front of Check

0001

GERARD E ROMPRE
51 LAUREL LN
COLUMBIA,CT 06237

Savings Institute Bank And Trust Co
803 MAIN ST
WILLIMANTIC,CT 06264208

Date 08/20/2009

ved.

Pay to the
Order of   **SEARS**

**CBIA Redeposit**

$106.00

** One Hundred and NO/100 *********************** DOLLARS

Memo    5121071763658261        Authorized By  our Depositor 08/20/2009

⑈211174181⑈98⑆0003039948⑈0001    ⑈000001 0000⑈

### Back of Check

**View Check**

**Front of Check**

0002

Date 09/18/2009

JEFFRY E KURTHY
95 LAUREL DF
COLUMBIA, CT 06237

Savings Institute Bank and Trust Company
803 MAIN ST
WILLIMANTIC, CT 062625514

ved.

Pay to the
Order of    **SEARS**

$100.00

** One Hundred and NO/100 **********************~~~**** DOLLARS

Memo     5121071763658261          Authorized By Your Depositor 09/18/2009

⑆211117418⑆⑆986⑈0003039998⑈0002      ⑈00000100000⑈

**Back of Check**

## View Check

### Front of Check

0003

JAMES J MERINI
53 LAUREL LN
COLUMBIA, CT 06237

Savings Institute Bank and Trust Company
841 MAIN ST
WILLIMANTIC, CT 062562734

Date 10/20/2009

ved.

Pay to the
Order of   **SEARS**

$100.00

** One Hundred and NO/100 ****************************** DOLLARS

Memo        5121071763658261              Authorized By Your Depositor 10/20/2009

⑆211174418⑆986000303⑇9998⑈0003    ⑈00000⑈10000⑈

### Back of Check

**PLAINTIFF'S EXHIBIT B**

CITI
PO BOX 6286
SIOUX FALLS, SD    57117



December 9th, 2009

IIl...II.....I.I..II.I...I...II.I.......II...II..I.I....II.I.I..I
JAMES J MURPHY
53 LAUREL LN
COLUMBIA CT  06237-1013

Sears MasterCard
ACCOUNT NUMBER
ENDING IN:
8261

Dear JAMES J MURPHY:

The checkdraft you have verbally authorized will be presented for payment on the date designated below:

Transaction Date: 12/18/2009
Transaction Number: 09352012317
Transaction Amount: $100.00

Please make sure you have sufficient funds in your account on that date to cover the payment.

If you have any questions about this transaction, please call us at the toll-free number shown below.

Sincerely,

G. STEVENS
VICE PRESIDENT CITICORP CREDIT SERVICES, INC. (USA)
FEDERAL REGULATIONS REQUIRE THE STATEMENT PRINTED ON THE REVERSE SIDE

Visit us at: www.searscard.com

Toll Free Telephone Number: 1-800-733-1116
TDD Number: 1-800-926-5818

Any representative can assist you.
Office Hours (Central Time):

Monday - Friday        8:00 a.m. to 8:00 p.m.
Saturday - Sunday      8:00 a.m. to 4:00 p.m.

Send Correspondence to:
Card Service Center
P. O. Box 6275,
Sioux Falls, SD 57117

0/L7/SC9554/001/ZZ/SY/ZP/8000/SYSTEMB /S2009120910014796/10905

# APPEARANCE

JD-CL-12 Rev. 5/09
P.B. §§ 3-1 thru 3-6, 3-8

STATE OF CONNECTICUT
## SUPERIOR COURT
www.jud.ct.gov

**NOTICE TO SELF-REPRESENTED PARTIES (PRO SE)**
*A self-represented party is a person who represents himself or herself. You must let the Clerk's Office know if you change your address by filling out this form.*

Note: If you are a self-represented party and you filed an appearance before and you are filing this only to let the court know that you have changed your address, check the box below:

☐ I am filing this appearance only to let the court know that I have changed my address. My new address is below.

| ☒ | ☐ | ☐ | ☐ |
|---|---|---|---|
| Judicial District | Housing Session | Geographic Area | Small Claims |

**INSTRUCTIONS**

Address of Court
*(Number, street, town and zip code)*

**69 BROOKLYN STREET**
**Rockville, CT 06066**

Docket number
**CV-10-6001787-S**

Return date
**Jun 01 2010**

Scheduled court date
*(Criminal/Motor Vehicle Matters)*

1. Type or print.
2. **For Criminal and Motor Vehicle cases:** Mail or deliver a copy of the appearance to the prosecutor, fill out the Certification at bottom and file the original with the clerk. (Practice Book (P.B.) Sections 3-4, 3-5)
3. **For cases in Judicial District Courts, except criminal cases:** File only the original with the clerk. For criminal cases, see instruction #2.
4. **For cases in Geographical Area Courts, except criminal cases:** File the original and enough copies for each other party with the clerk. For criminal cases, see instruction #2.
5. **For Eviction (Summary Process) cases:** Follow the instruction for #3 or #4 above, and mail a copy to the attorney for the plaintiff, or if the plaintiff does not have an attorney, mail a copy to the plaintiff. Fill out the Certification at the bottom. (P.B. Sec. 3-5(a))
6. **For Small Claims cases:** File the original with the Small Claims area or Housing Session address. Mail or deliver a copy to the attorney or self-represented party and fill out the Certification at the bottom.
7. **For Appearances in place of (in-lieu-of) another attorney, law firm, or self-represented party:** Fill out the Certification at the bottom. (P.B. Sec. 3-8)
8. If a party who has been defaulted for failure to appear files an appearance before the entry of judgment after default, the default will automatically be set aside by the clerk. (P.B. Sec. 17-20)
9. **For Juvenile cases:** Do not use this form. Use form JD-JM-13 Appearance, Juvenile Matters.

**Name of case** *(Plaintiff vs. Defendant)* **MURPHY, JAMES v. CITI**

## Please Enter the Appearance Of

| Juris number of attorney or firm | Name of self-represented party *(See "Notice to Self-Represented Parties" at top)*, or name of official, firm, professional corporation, or individual attorney |
|---|---|
| **404401** | **EDWARDS ANGELL PALMER & DODGE LLP** |

| Mailing Address *(Number, street) (Notice to attorneys and law firms - The address to which papers will be mailed from the court is the one registered or affiliated with your juris number. That address cannot be changed in this form.)* | Post office box | Telephone number *(Area code first)* |
|---|---|---|
| **20 CHURCH STREET 20TH FLOOR** | | **860-525-5065** |

| City/town | State | Zip code | Fax number *(Area code first)* | E-mail address |
|---|---|---|---|---|
| **HARTFORD** | **CT** | **06103** | **860-526-4198** | **wmurray@eapdlaw.com** |

**in the case named above for:** *("x" one of the following parties)*

☐ The Plaintiff *(includes the person suing another person)*.
☐ All Plaintiffs.
☐ The following Plaintiff(s) only:
☒ The Defendant *(includes the person being sued or charged with a crime)*.
☐ The Defendant for the purpose of the bail hearing only *(in criminal and motor vehicle cases only)*.
☐ All Defendants.
☐ The following Defendant(s) only:
☐ Other *(Specify)*

Note: If other counsel or a self-represented party have already filed an appearance for the party or parties "x'd" above, put an "x" in 1 of these 2 boxes:

☐ This appearance is in place of the appearance of the attorney or firm or self-represented party on file (P.B. Sec. 3-8) **OR**

☐ This appearance is in addition to an appearance already on file.

*(Name and Juris Number)*

| Signed *(Individual attorney or self-represented party)* | Name of person signing at left *(Print or type)* | Date signed |
|---|---|---|
| ▶ **415809** | **WILLIAM E MURRAY** | **Jun 03 2010** |

## Certification

For Court use only

*This certification has to be filled out only in eviction cases; for "in place of" appearances; in criminal cases; and in small claims matters.*

**I certify that I mailed or delivered a copy of this Appearance form to:**

☐ All counsel and self-represented parties of record as listed below and on any additional sheet(s). *(For evictions (P.B. Sec. 3-5(a)), criminal actions (P.B. Sec. 3-5(c)) and small claims matters)*

☐ Counsel or the party whose appearance is to be replaced as listed below and on additional sheet(s). *(For appearances in place of another attorney or firm (P.B. Sec. 3-8))*

| Signed *(Individual attorney or self-represented party)* | Date copies mailed or delivered |
|---|---|
| ▶ | |

| Name of each party copy was mailed or delivered to * | Address at which copy was mailed or delivered |
|---|---|
| | |

*\* If necessary, attach an additional sheet or sheets with the name of each party and the address at which the copy was mailed or delivered to.*  **APPEARANCE**